AO 245D (Rev. 9/00) Judgment in a Criminal Case for Revocations

# UNITED STATES DISTRICT COURT

SOUTHERN District of ILLINOIS

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| BERNARD PATRICE WILLIAMS | (For Offenses Committed On or After November 1, 1987) |
| Defendant. | Case Number: 4:00CR40019-001-JPG |
| | Melissa A. Day, FPD |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  admitted guilt to violation of condition(s)  as alleged in petition  of the term of supervision.

☐  was found in violation of condition(s) _____ after denial of guilt.

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| | The defendant tested positive for marijuana | 12/29/2005 |

FILED MAR 17 2006 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS BENTON OFFICE

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are full paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant' economic circumstances.

Defendant's Soc. Sec.: XXX-XX-4836

Defendant's Date of: 1978

Defendant's USM No.: 04049-025

Defendant's Residence Address:
Cairo, IL 62914

3/9/2006
Date of Imposition of Judgment

/s/ J. Phil Gilbert
Signature of Judicial Officer

J. Phil Gilbert, District Judge
Name and Title of Judicial Officer

March 17, 2006
Date

Defendant's Mailing Address:
Same as abov

AO 245D    (Rev. 9/00) Judgment in a Criminal Case for Revocations
          Sheet 2— Imprisonment

Judgment — Page 2 of 5

DEFENDANT:
CASE NUMBER:

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   18 months  .

x   The court makes the following recommendations to the Bureau of Prisons:
      That the defendant be placed at the Marion Boot Camp.

x   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 9/00) Judgment in a Criminal Case for Revocations
           Sheet 3— Supervised Release

Judgment—Page 3 of 5

DEFENDANT:
CASE NUMBER:

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    12 months

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from th custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant sha also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D    (Rev. 9/00) Judgment in a Criminal Case for Revocations
           Sheet 3— Reverse — Supervised Release

Judgment—Page 4 of 5

DEFENDANT:
CASE NUMBER:

## ADDITIONAL SUPERVISED RELEASE TERMS

The term of 12 months shall run concurrent with the sentence imposed on 1/19/2006 which was an additional two years that shall begin on March 26, 2008 and ending on March 26, 2010.

AO 245D    (Rev. 9/00) Judgment in a Criminal Case for Revocations
           Sheet 3— Continued 2 — Supervised Release

Judgment—Page 5 of 5

DEFENDANT:
CASE NUMBER:

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperate with the collection of DNA as directed by the probation officer.

The defendant shall participate as directed and approved by the probation officer in treatment for narcotic addiction, drug dependence, or alcoholic dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility. Any participation will require complete abstinence from all alcoholic beverages. The defendant shall pay for the costs associated with substance abuse counseling and/or testing based on a co-pay sliding fee scale approved by the United States Probation Office. Co-pay shall never exceed the total costs of counseling.